IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARNAVI SPA as agent for JILMAR SHIPPING S.A.,<br><br>                                        Petitioner,<br>vs.<br>ADVANCED POLYMER SCIENCES, INC.<br>                                        Respondent. | C.A. _____<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PETITION TO CONFIRM FOREIGN ARBITRAL AWARD** |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PETITION
TO CONFIRM FOREIGN ARBITRAL AWARD**

Petitioner, Marnavi SpA ("Marnavi"), as agent for Jilmar Shipping S.A. ("Jilmar", and with Marnavi the "Owners"), by and through its attorneys, submits this memorandum in support of its Petition, pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. § 201 *et seq.* ("New York Convention") to confirm foreign arbitral award against Advanced Polymer Sciences, Inc. ("APS") (the "Petition"), rendered in England on November 11, 2005, and directing the entry of judgment thereon against APS.

**FACTUAL BACKGROUND**

The facts underlying this dispute are straightforward. On July 28, 1997, Marnavi, acting on behalf of the Jilmar, as shipowner, entered into a written agreement (the "Agreement") with APS, as contractor; Guaranteed Advanced Tank Technology, as contractor ("GATT") and Cantiere Naval SEC ("Cantiere", and together with APS and GATT, the "APS Group"). Pursuant to the Agreement, the APS Group agreed to supply and install or alternatively supervise the installation of Siloxirane Marine Line Coating ("Siloxirane"), allegedly a high performance tank coating system, to the cargo tanks of the vessel M/T Joran (the "Joran"). The Siloxirane

coating was applied to the cargo tanks with the intent of converting the Joran into a tanker capable of carrying corrosive, toxic cargos. In further reliance on the Siloxirane, the Owners incurred significant expenses in order to remodel the Joran.

However, the Siloxirane coating did not perform as promised. As a result, the expenses incurred by the Owners in converting the Joran were wasted, the Joran's cargo tanks were damaged and required expensive repairs, and Marnavi suffered losses due to inactivity while the ship underwent extensive repairs.

The Agreement contained an Arbitration provision requiring that any dispute arising between the parties as to the performance the Agreement be referred to an Arbitration in London. In an arbitration before the court-appointed arbitrator, and after issuing a two interim awards on jurisdiction and liability, George Lugg, the court-appointed arbitrator in this case (the "Arbitrator"), issued an award in London on November 11, 2005, in favor of Jilmar, jointly and severally against the APS Group (the "APS Award"). The APS Award provided for the payment of damages, fees and costs to the Owners.

To date, neither APS, nor GATT nor Cantiere has paid any of the APS Award. An order and judgment should be entered promptly to permit Marnavi and Jilmar to enforce the entirety APS Award in the United States against APS.

## ARGUMENT

### UNDER AUTHORITY OF THE NEW YORK CONVENTION AND 9 U.S.C. § 207, THIS COURT SHOULD CONFIRM THE ARBITRATION AWARD

International Arbitration awards may be enforced under the terms of the United Nations Conference on International Commercial Arbitration Convention on Recognition and Enforcement of Foreign Arbitral Award (the "New York Convention"). The New York Convention requires courts of contracting countries to give effect to an agreement to arbitrate

and also to recognize and enforce awards made in other States, subject to specific limited exceptions. Both the United States and the United Kingdom are signatories to the New York Convention.

In the United States, the New York Convention is codified at 9 U.S.C. § 201 *et seq.*[1] The New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. §201, Article I, § 1. Section 202 of the FAA provides that the New York Convention covers all arbitration agreements and awards "arising out of a legal relationship, whether contractual or not, which [are] considered as commercial." 9 U.S.C. § 202. The Convention further provides that "[e]ach Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon . . . ." New York Convention, Art. III, reprinted at 9 U.S.C. § 201. Under Section 207 of the FAA, a court shall confirm an arbitration award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the awards specified in the said Convention." 9 U.S.C. § 207.

The APS Award dated November 11, 2005, here should be confirmed pursuant to the New York Convention and 9 U.S.C. § 207. The APS Award falls under the New York Convention, because the arbitrator who rendered the APS award heard the matter and rendered his award upon the authority granted to him by contract and the Arbitration Act 1996 governing arbitrations on England and Wales. The APS Award was issued in London, England, and enforcement now is sought in the United States, a state other than the state in which the recognition and enforcement of the award is subject. The APS Award arose out of a commercial contract between Marnavi, an company organized under the laws of Italy, as agent for Jilmar, a

---

[1] 9 U.S.C. § 201 provides that the New York Convention "shall be enforced in United States courts in accordance with this chapter."

company organized under the laws of Panama; APS, a corporation organized under the state of Delaware Company; GAAT, a Company organized under the laws of Ohio; and Cantiere Navale SEC, a Company organized under the laws of Italy. See 9 U.S.C. § 202.[2]

When the Siloxirane failed to perform as APS had promised, a dispute arose under the Agreement as to whether APS had breached its obligations. The Agreement among the parties required that "[a]ny dispute arising between the parties as to the performance of any portion of [the] Agreement" be resolved by arbitration in London, England if such dispute could not be resolved through the efforts of the parties. Agreement, § I. After the parties were unable to resolve the dispute, the matter was referred to final and binding arbitration in London, England, as per the Agreement.

In sum, this case provides a textbook example of an award that is subject to – and should be confirmed in accordance with – the New York Convention and the FAA..

The New York Convention requires the party seeking recognition and enforcement of a foreign arbitral award to provide the following:

    (a)    The duly authenticated original award or a duly certified copy thereof; and

    (b)    The original agreement to arbitrate or a duly certified copy thereof.

9 U.S.C. § 201, Article IV, Section 1.

In this matter, Petitioner has provided a duly authenticated copy of the arbitral award as well as a duly authenticated copy of the original agreement to arbitrate, which are annexed as Exhibits G, K, N, and A, to the Affidavit of George Lugg in Support of Petition to Confirm Foreign Arbitration Award, dated June 25, 2008. Upon submission of these documents,

---

[2] The only exception lies if the relationship is considered "wholly domestic." Id. As the Agreement was among two United States and two foreign companies that is not the case here.

the Court is required to recognize and enforce the foreign arbitral awards. 9 U.S.C. § 201, Article III.

Pursuant to the terms of the New York Convention, recognition and enforcement may be refused only if the party against whom recognition and enforcement is invoked furnishes proof of pursuant to pursuant to one of the few exceptions enumerated in Article V of the Convention. 9 U.S.C. § 201, Article V. In this situation no such proof exists or will be submitted in this matter.

9 U.S.C. § 207 provides that:

> [w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

Further, Jilmar's Petition for confirmation has been timely filed and, as is readily apparent from the Award itself, none of the grounds for refusal to recognize or enforce of the award specified in the New York Convention (*see* Art. V thereof) are present. Specifically, the APS Award was validly issued under English law; the respondent was given adequate notice of the proceedings; the APS Award does not full outside the scope of the arbitrators authority; the sole arbitrator was properly convened under English law; and the APS award is final and binding on all parties. Furthermore, no appeal has been taken by APS of the arbitral award in Petitioner's favor, and the time for doing so under English law has passed, rendering the arbitral award unchallengeable, final and capable of enforcement.

In light of the foregoing, the APS Award is subject to recognition and enforceable pursuant to the New York Convention and should be recognized and confirmed as a judgment of this Court.

## PETITIONER SHOULD BE AWARDED ATTORNEYS' FEES AS PART OF THE JUDGMENT

This Court has authority to award reasonable attorneys' fees and costs incurred by Petitioner as a result of APS' failure to satisfy the Arbitration Award rendered in the London arbitration proceedings. *See, e.g., Carpenters Pension Fund v. Eastern Millenium Construction, Inc.*, 2003 WL 2277355, at *3 (S.D.N.Y. Nov. 21, 2003) (noting that there is a "presumption in favor of prejudgment interest"); *Hunt v. Commodity Haulage Corp.*, 647 F.Supp. 797, 799 (E.D.N.Y. 1986) (awarding attorneys fees and costs where respondents submitted to arbitration and unjustifiably refused to pay arbitration award).

It is undisputable that APS agreed to arbitrate this matter in London, as the Arbitrator so found. In fact, APS at first participated in the arbitration by making submissions in opposition to Petitioners' points of claim. It is also undisputable that the Arbitrator awarded the Owners their entirety of their costs incurred in bringing and conducting the arbitration proceedings.

Notwithstanding its agreement to arbitrate, APS has unjustifiably refused or otherwise failed to satisfy the full amount of the arbitral awards, causing the Owners to engage counsel in its collections efforts in the United States. Petitioner respectfully requests that judgment be entered against Defendant for its attorneys fees and costs incurred in the arbitration and also in the enforcement of the Arbitration Award, in an amount to be determined.

## CONCLUSION

For the foregoing reasons, petitioner Jilmar respectfully requests that this Court enter an Order confirming the Award and enter judgment thereon.

Dated: June 25, 2008

**DUANE MORRIS LLP**

/s/ Frederick B. Rosner
Frederick B. Rosner (DE 3995)
Matt Neiderman (DE 4018)
Suite 1200
1100 North Market Street
Wilmington, DE 19081-1246
302-657-4900

- and -

OF COUNSEL:

**SALANS**

Claude D. Montgomery, Esq.
Paul C. Gunther, Esq.
620 Fifth Avenue
Rockefeller Center
New York, New York 10020
212-632-5500

*Attorneys for Marnavi SpA as agent for Jilmar Shipping S.A.*