IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARNAVI SpA, as agent for<br>JILMAR SHIPPING S.A.,<br><br>        Plaintiff,<br><br>v.<br><br>ADVANCED POLYMER SCIENCES, INC.,<br><br>        Defendant. | Civ. No. 08-00388-SLR-LPS |

**REPORT AND RECOMMENDATION**

At Wilmington this **13th** day of **May, 2009**, a Motion for Entry of Default Against Defendant Advanced Polymer Sciences Inc. ("APS") having been filed by Plaintiff (D.I. 15), and the Clerk having entered An Entry of Default in Appearance as to APS (D.I. 16), and the Court having held a hearing on Plaintiff's Motion for Entry of Default Judgment, Damages, Pre-Judgment Interest and Attorneys' Fees Against Defendant Advanced Polymer Sciences Inc. (D.I. 17) on April 27, 2009, and for the reasons stated in the attached proposed Order and Judgment (D.I. 21 and 22), I recommend[1] entry of the proposed Order and Judgment with respect to defendant APS.[2]

---

[1] Pursuant to the February 18, 2009 referral order (D.I. 18) and 28 U.S.C. § 636, my authority with respect to case-dispositive motions is limited to issuing a Report and Recommendation.

[2] It was suggested at the April 27, 2009 hearing and in a preceding *amicus curiae* filing that this Court lacks subject matter jurisdiction over APS because APS does not exist. However, no evidence has been presented from which I could find that APS has been formally dissolved in the manner required by Delaware law to accomplish this end. *See* 8 Del. C. § 275. Moreover, Delaware law provides that even a dissolved corporation is subject to suit for at least three years after its dissolution and for any additional time as the Court might find justified. *See* 8 Del. C. § 278. There is an absence of evidence from which I could find that APS was formally dissolved more than three years prior to the initiation of this suit or from which I could conclude that

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. See Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987); Sincavage v. Barnhart, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In Non-*Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.

_____
Leonard P. Stark
**UNITED STATES MAGISTRATE JUDGE**

---

Plaintiffs should not be permitted additional time beyond three years to sue, if necessary. *See also* proposed Order at Section I paragraphs 28-29 and Section II paragraphs 1-3.